The Honorable Ed Wilkinson State Senator Post Office Box 610 Greenwood, Arkansas 72936-0610
Dear Senator Wilkinson:
I am writing in response to your request for an opinion regarding whether the Sebastian County Regional Solid Waste Management District may amend its bylaws to alter "the number and make-up" of the board of directors. As factual background for your request, you state:
 This issue surrounds the Sebastian County Regional Solid Waste Management District, which was formed by an interlocal agreement pursuant to Arkansas Code Annotated § [8]-6-723(a).[1] this [i]nterlocal agreement . . . established the number and make-up of the board governing the district. The board has adopted bylaws . . . [that] also address the number and make-up of the board. The board is considering making changes to the number and make-up of the board.
With this factual background in mind, you ask three questions:
 1. Can the Board of the Sebastian County Regional Solid Waste Management District alter the number and make-up of the board through adoption of amended bylaws? *Page 2 
 2. If the answer to Question 1 is no, would the board need to seek amendment of the interlocal agreement in order to change the number and make-up of the board?
 3. If the answer to Question [2] is yes, would such an amendment of the interlocal agreement need to be unanimous?
RESPONSE Question 1: Can the Board of the Sebastian County Regional Solid WasteManagement District alter the number and make-up of the board throughadoption of amended bylaws?
Assuming the Board was in fact created as you specify, the relevant statute is A.C.A. § 8-6-723. That statute appears in a subchapter largely consisting of the codification ofAct 752 of 1991. That Act transformed the eight "regional solid waste planning districts" created two years earlier into "regional solid waste management districts" and provided that each shall be governed by a regional solid waste management board. A.C.A. § 8-6-703(a)(1)(A) and (B). The general provisions governing the composition of such boards are found at A.C.A. § 8-6-703(b) and (c), which provide in pertinent part as follows:
 (b)(1) Each regional solid waste management board shall be composed of representatives of the counties within the district and representatives of all first class cities, of all cities with a population over two thousand (2,000) according to the latest federal decennial census, and of the largest city of each county within the district.
 (2) The county judge of each county within the district and the mayor of each city entitled to a representative in the district shall serve on the board, unless the county judge or mayor elects instead to appoint a member as follows:
 The county judge, with confirmation by the quorum court of each county within the district, shall appoint one (1) member to the board; and *Page 3 
 (B) The mayor, with confirmation by the governing body of each city entitled to a representative in the district, shall appoint one (1) member.
 (c)(1) Each board shall have a minimum of five (5) members.
Your question, however, refers to an entirely separate provision for board composition, found in the same subchapter and also passed as part of Act 752 of 1991. Section 8-6-723(a)(1) provides as follows:
 (a)(1) In lieu of forming a regional solid waste management district under any other provision of this subchapter, a regional solid waste management district may be created by interlocal agreement of the local governments in any county with a population of at least ninety thousand (90,000) persons and in which there is a permitted landfill on January 1, 1991. The regional solid waste management board of the district shall be established by interlocal agreement.
There is no further guidance on the composition of a board created under this provision. Thus, the only guidance the statute gives is that the board be "established by interlocal agreement." Your question is whether the by-laws of the Sebastian County Solid Waste Management District may be amended to alter the "number and make-up" of the Board. Because the statute requires the interlocal agreement to govern the Board's composition, the by-laws may only be used to alter the Board's composition if the interlocal agreement delegates the details of the board's composition to the by-laws. I should also note that your use of the term "make-up" is unclear, and there may be limitations on the Board's ability to allow private entities to take a seat on the board.See generally Op. Att'y Gen. 2005-213.
Question 2: If the answer to Question 1 is no, would the board need toseek amendment of the interlocal agreement in order to change the numberand make-up of the board?
As noted above, the interlocal agreement governs the board's composition. If the interlocal agreement does not provide for changing the composition through the *Page 4 
by-laws, then the only way to alter the board's composition is by altering the interlocal agreement. I cannot opine on whether the interlocal agreement delegates the details of the board's composition to the by-laws because it has long been the policy of this office not to construe the provisions of such agreements. E.g., Op. Att'y Gen. Nos. 2004-264, 97-095. Therefore, this question is one that must be referred to counsel for the parties to the agreement.
Question 3: If the answer to Question [2] is yes, would such anamendment of the interlocal agreement need to be unanimous?
Although the statutory provisions governing interlocal agreements do not expressly address their amendment (see A.C.A. §§ 25-20-101 to25-20-108 and 14-14-910), general principles of contract law dictate that any change in such agreements either be as provided for in the existing document, or agreed to by all signatories. See, e.g., Van Campv. Van Camp, 333 Ark. 320, 969 S.W.2d 184 (1998) ("fundamental principles of contract law require that both parties to a contract agree to any modification of the contract"). Again, as noted above, the relevant statute provides that the board shall be established by interlocal agreement "of the local governments. . . ." See A.C.A.8-6-723(a)(1). Therefore, if the interlocal agreement does not delegate the details of the board's composition to the by-laws, then the interlocal agreement is the only document governing the board's composition. As such, the interlocal agreement must be altered. Any such amendment must be unanimous.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:RO/cyh
[1] Your request indicates that the Sebastian County Regional Solid Waste Management District was formed by an interlocal agreement pursuant to A.C.A. "§ 7-6-723(a)." I assume you mean "8-6-723(a)" because there is no such section as "7-6-723(a)," and because "8-6-723(a)" governs the formation of a waste management district by interlocal agreement.

 *Page 1